<u>United States District Court</u>
<u>For The Western District of Pennsylvania</u>

Hayes
  v
Gilmore et al

Case No. 2:17-cv-1327 (MPK)

Date: May 17th, 2018

FILED
MAY 18 2018
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

<u>Motion For A Hearing For The Purpose</u>
<u>of Preliminary Injunction</u>

The Plaintiff, Steven J Hayes, respectfully requests the court schedule a hearing for the purpose of preliminary injunction. The Plaintiff is requesting the court order the defendents to provide psycho-therapy sessions for the treatment of Gender Dysphoria as recomended on 4/19/18, to provide hormone treatment and to allow gender affirming property.

In the filed complaint under requested relief psycho-therapy is being requested for the diagnosis of major depression, PTSD, anxiety and OCD. In Feburary of 2018 it was formally revealed to the defendents the underlying cause for these issues. I am now and always was a transgender female and these conditions along with living a dysfunctional life denying who I am set the base for severe gender dysphoria.

The PTSD is being treated due to PREA, by a PREA counsler from STARRS, for a violent prison sexual assault 37 years ago. Because the PREA counsler is not a DOC employee she cannot provide physical treatment. SCI-Greene's claim of "we don't have the staff" is now denying me critical treatment @ a critical junction in my transition process. Early transition combined with prison enviorment enhances the need for treatment. Lack of staff is denying treatment @ the time most needed. Court intervention is needed.

(A) The Plaintiff May Suffer Irrepairable Harm:

For 40 years I denied who I was. In my early years I suffered severe trauma, both physical and emotional. Through-out my life I lived with suicidal and self-destructive behavior. Until February of this year I had a plan to end my life solely because I could not accept myself. When I finally admitted I was transgendered and I began to address the issue the suicidal ideation that controlled my life all but disappeared. I found hope and began to heal. In March 2018 when my issue was formally brought to the Gender Review Committee I felt optimistic that things were going to get better. Now nothing can go forward solely due to lack of someone to provide therapy and denial of Gender Affirming Property. While I understand the defendent justification "work in progress" I am @ a critical point in early transition and doing so in a hostile enviornment. I am now doing so alone and with no help. (Estelle v Gambel 429 U.S. 97, 105, 97 S. Ct 1976: Noting that the intentional interfering with treatment once prescribed is intentional deliberate indiffrence.)

(B) The Balance of Hardship:

The defendents have an obligation to provide treatment. On 4/19/18 this treatment was recomended and thus far has been denied solely due to lack of staff. Hormone therapy cannot begin without therapy. Gender affirming property would help but is being denied via refusal to answer requests. Property that is routienly approved in other facilites. Meanwhile I suffer mentally in a hostile enviornment. WPATH guidlines are completely ignored. Policy 13.2.1 Diagnosis + Tx of Gender Dysphoria is not followed. (Duran v Anaya 62 F. Supp 510, 527 D.N.M. 1986: Holding that a prisoners safety and medical concerns outweigh the states interest in saving money.)

(C) The Likelyhood of Success:

The likelyhood of success favors the plaintiff. Pending before the court is Document #34 Plaintiffs' Objection to Defendents motions to Dismiss. Document #34 does show there is an issue for trial.

The discovery evidence in the possesion of the Defendents (see Document #21) conclusively prove there is an issue for trial and this evidence is being requested @ the hearing for Preliminary Injunction if the court grants this motion.

(D) The Public Interest:

It is always in the publics best interest for the state to comply with the Constitution, Policy, and Law.

### Conclusion

A hearing for Preliminary Injunction is needed to obtain the much needed Psychotherapy for the treatment of Gender Dysphoria. Mental health issues cannot be put on the back burner while correctional administrators contemplate how to follow Policy and Law.

Respectfully submitted by

*/s/ Steven J. Hayes/*

Steven J. Hayes #MQ5447
SCI- Greene
175 Progress Drive
Waynesburg, PA 15370

### Certification

I here by certify a copy of this motion was sent to Defendents counsel via the U.S. mail.

*/s/ Steven J. Hayes/*